# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **GUY LEONARD,** )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.: 1:20-cv-01395-CLM** |
| ) | |
| **WELLS FARGO BANK, N.A.,** ) | |
| **LIENHOLDER d/b/a GM** ) | |
| **FINANCIAL COMPANY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Guy Leonard, proceeding pro se, sues Wells Fargo Bank (Wells Fargo) and GM Financial Company Inc. (GM Financial), asserting that GM Financial—at Wells Fargo's direction—reported negative credit information to Credit Reporting Agencies (CRAs) in violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681. Doc. 61. Leonard also brings a tort of outrage claim against Wells Fargo and GM Financial. Wells Fargo and GM Financial ask this court to dismiss Leonard's second amended complaint (doc. 61) for failure to state a plausible claim for relief. Docs. 63 and 64. Wells Fargo also moves for sanctions. Doc. 64.

For the reasons stated within, the court will **GRANT** the Motions to Dismiss (docs. 63 and 64) but will **DENY** Wells Fargo's Motion for Sanctions (doc 64).

1

## BACKGROUND

Just six days after the Bankruptcy Court for the Northern District of Mississippi discharged Leonard's bankruptcy, Leonard leased a 2015 Buick Encore. The lease was assigned to GM Financial.

Leonard states that he made timely payments until he returned the leased vehicle to an authorized GM dealership on July 14, 2016 and handed the keys to a sales associate. Leonard provided copies of cancelled checks, which show that he made his last payment to GM Financial on July 1, 2016, in the amount of $464.25 (his standard monthly lease payment). Leonard does not assert that he paid an early termination fee to properly terminate his lease agreement. GM Financial then sold the vehicle at auction in December 2016, which left a deficit of around $11,500.00. GM Financial reported the debt to the CRAs.

In the summer of 2019, Leonard decided to buy a house. That's when Leonard learned that he had a low credit score and discovered that his credit report contained negative reporting related to the 2015 lease. To remove the negative reporting from his credit report, Leonard moved to re-open his discharged bankruptcy case in June 2020 to include the vehicle lease in the bankruptcy. The Bankruptcy Court granted Leonard's motion to re-open the bankruptcy proceedings but ultimately ruled that Leonard could not include the lease account in the discharged bankruptcy because Leonard entered into the lease agreement after he filed his bankruptcy petition.

Leonard sent disputes to the CRAs, informing them that the Bankruptcy Court had discharged the debt, but these disputes were inaccurate according the Order of the Bankruptcy Court.

Leonard then filed this lawsuit, alleging that GM Financial—working in connection with Wells Fargo—falsified a balance owed, changed the payment record, and deliberately reported false information to the CRAs in violation of the FCRA.

## STANDARDS OF REVIEW

### I. Motions to Dismiss

On Rule 12 motions to dismiss, the court accepts the allegations in Leonard's second amended complaint as true and construes them in the light most favorable to Leonard. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). Leonard is a pro se litigant, so his pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But the court need not accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The ultimate question is whether all of Leonard's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* At 678–79. If the facts as pleaded could entitle Leonard to relief, then the court must deny the defendants motions to dismiss. If, however, the court accepts all of Leonard's pleaded facts as

true, and Leonard still would not be entitled to relief, then the court must grant the motion. The court will only consider the complaint, briefs on motions to dismiss, the lease agreement, the dispute letters Leonard sent to the CRAs and to GM Financial, and public records related to Leonard's bankruptcy.[1]

## II. Motion for Sanctions

A court can subject a pro se plaintiff to sanctions under Rule 11, but the court must consider "the plaintiff's pro se status when determining whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989). "Rule 11 sanctions are [only] proper . . . when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir.1995) (citations and internal quotation marks omitted).

---

[1] The court can consider extrinsic documents—like the lease agreement and the dispute letters Leonard sent to the CRAs and to the defendants—in ruling on motions to dismiss if the extrinsic documents are "(1) central to the plaintiff's claim, and (2) [their] authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). Leonard's lease agreement is central to the dispute about the debt related to it, and no party challenges its authenticity. The dispute letters are central to Leonard's claim, and no party challenges their authenticity. In fact, Leonard included the dispute letters in his first amended complaint, and Wells Fargo and GM Financial included them in their motions to dismiss. The court can also consider public records—like Leonard's bankruptcy records—in ruling on motions to dismiss. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."). The bankruptcy records are not in dispute; Leonard included the bankruptcy records in an earlier amended complaint, and Wells Fargo and GM Financial included them in their motions to dismiss.

## ANALYSIS

**I.     Motions to Dismiss**

Leonard's complaint does not include the typical "Claims" or "Causes of Actions" section that numbers and lays out his legal claims. Rather, Leonard pleads an "Argument" section that mentions "a tort of outrage" (doc. 61, ¶ 19) and liability under the FCRA (*id.* ¶ 21). The court construes these paragraphs to plead a federal FCRA claim and a state-law claim of outrage. The court addresses both below.

**A. FCRA Claim**

The FCRA governs claims by consumers against furnishers of information when the claims allege that a furnisher supplied incorrect information about a consumer to a CRA. *See Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (citing 15 U.S.C. §§ 1681a(c) & (f), 1681s-2(a)). "The FCRA imposes two separate duties on furnishers. First, § 1681s–2(a) requires furnishers to submit accurate information to CRAs. Second, § 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." *Id.*

**GM Financial**

Leonard contends that GM Financial violated the FCRA by "willfully and negligently failing to comply with the requirements imposed on a furnisher of credit information pursuant to 15 USC § 1681(s)(2)(a)(b) [sic]." Doc. 61 ¶ 21. It is unclear

whether Leonard is asserting a claim under § 1681s-2(a) or under § 1681s-2(b), so the court will address each Section in turn.

### 1.   Section 1681s-2(a)

"Consumers have no private right of action [under § 1681s-2(a) to file suit] against furnishers for reporting inaccurate information to CRAs regarding consumer accounts." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) (citing 15 U.S.C. § 1681s-2(c)(1)); *see also Lofton-Taylor v. Verizon Wireless*, No. 05-0532-CG-B, 2006 WL 3333759, at *5 (S.D. Ala. Nov. 14, 2006) ("The only provision under which plaintiff could allege a private right of action against Verizon, as a furnisher of information, is § 1681s-2(b)."). So Leonard cannot succeed on a claim that the defendants submitted false information about his account to CRAs under this Section.

### 2.   Section 1681s-2(b)

Section 1681s-2(b) does support a private cause of action, enabling a consumer to sue a furnisher of credit information. *See Green*, 288 F. App'x at 642; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002). Section 1681s-2(b) prohibits a furnisher from furnishing information relating to a consumer to a CRA if: (a) the consumer has notified the furnisher that the information is inaccurate; and (b) the information is, in fact, inaccurate. 15 U.S.C. § 1681s-2(b). A furnisher must generally conduct a reasonable investigation once it

receives notice of a dispute. *Felts*, 893 F.3d at 1312. But a plaintiff cannot succeed under this Section if the plaintiff cannot show that a "reasonable investigation would have uncovered an inaccuracy." *Id.* at 1309.

The FCRA requires a plaintiff to "present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information." *Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020). In the disputes that Leonard submitted to the CRAs, the only "inaccuracy" he identified was that the CRAs should remove the lease account because the debt was discharged in bankruptcy proceedings. But the Bankruptcy Court's Order stated that the court would not discharge the lease with GM Financial because Leonard entered the lease post-petition. Because the Bankruptcy Court did not discharge Leonard's vehicle lease with GM Financial, GM Financial's reporting was accurate. Thus, Leonard cannot show that a "reasonable investigation would have uncovered an inaccuracy." *Felts*, 893 F.3d at 1309.

In Leonard's second amended complaint, he asserts that by driving the car to the dealership and handing the keys to a sales associate, he "exercised his right to early cancellation of the lease agreement." Doc. 61, p. 3. Because Leonard did not submit a dispute to the CRAs on this basis, this argument is not relevant to his FCRA claim. But even if Leonard had submitted a dispute on this basis, he would not have a valid claim for relief under the FCRA. According to the lease contract, a consumer

can only exercise early termination by paying a substantial fee. Leonard does not assert that he paid the requisite fee, so he did not properly terminate the lease.

Again, the only reason that Leonard proffered in the disputes he sent to the CRAs was that the lease account was discharged in bankruptcy. But the Bankruptcy Court Order shows that the account was not discharged. Because the lease was not discharged, Leonard fails to plead facts that could show that a reasonable investigation into the disputed basis would have discovered any inaccurate information. Thus, Leonard fails to state an FCRA claim upon which relief can be granted against GM Financial Leasing.

**Wells Fargo**

Though Leonard acknowledges in his second amended complaint that GM Financial alone reported payment history and credit information to the CRAs, Leonard still makes an FCRA claim against Wells Fargo. Leonard cannot succeed on this claim under 15 U.S.C. § 1681s-2(b) because he does not allege that Wells Fargo furnished any information to a CRA or that a CRA gave Wells Fargo notice of a dispute—both of which are necessary elements. First, Leonard's complaint lacks a plausible allegation that Wells Fargo furnished information to a CRA, so Leonard failed to state a claim upon which relief can be granted against Wells Fargo as a furnisher of information under the FCRA. *See Williams v. Capital One Bank (USA) N.A.*, 785 F. App'x 741, 746 (11th Cir. 2019). Second, Leonard's complaint lacks a

plausible allegation that a CRA notified Wells Fargo of a dispute, which serves as an independent reason why Leonard fails to state a claim against Wells Fargo. *See Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009).

Finally, the court has found that Leonard failed to state a claim against GM Financial, so Leonard's claim against Wells Fargo—as an alleged participant in GM Financial's reporting activities—necessarily fails. Leonard asserts that Wells Fargo has a controlling interest in GM Financial, is a subsidiary of GM Financial, dictated GM Financial's procedures, acted as GM Financial's overseer, and acted as GM Financial's agent. These conclusions are contradictory,[2] and Leonard does not plead facts to support them. But even if any of the conclusions are accurate, Leonard cannot recover from Wells Fargo under this theory because Leonard failed to state a claim upon which he could recover from GM Financial.

### B. Tort of Outrage Claim

Leonard mentions a "tort of outrage" in the Argument section of his second amended complaint. Doc 61 ¶ 19. Assuming this mention sufficiently raises a state-law claim for outrage, the claim fails. In Alabama, "[t]he tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So.2d 38, 44 (Ala. 1990). The tort most commonly applies to three kinds of conduct: "(1) wrongful conduct in

---

[2] In ruling on motions to dismiss, a court does not have to accept "internally inconsistent factual claims" as true. *See Shack v. Jenkins*, 2017 WL 1017133, at *2 (N.D. Ala. Feb. 23, 2017) (citations omitted).

9

the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment." *Id.* (internal citations omitted). The claim is "viable only when the conduct is 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Little v. Robinson*, 72 So.3d 1168, 1173 (Ala. 2011) (citing *Horne v. TGM Assocs., L.P.*, 56 So.3d 615, 631 (Ala. 2010)).

None of Leonard's allegations fall within the types of conduct that state courts have found outrageous, and this federal court refuses to expand the State's common law here. And even if the court were so inclined, Leonard has failed to plead facts that are "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* So the court finds that Leonard has failed to plead facts that would state a viable state law claim for outrage.

Finally, as much as Leonard's outrage claim relies on the same factual allegations that support his credit reporting allegations, the court finds that the FCRA preempts the outrage claim. *See* 15 U.S.C. § 1681t(b)(1)(F).

* * *

Because Leonard fails to plead a viable claim, the court will grant both parties' motions to dismiss. Because the court has given Leonard two chances to amend his

complaint, and the court heard oral argument on the defendants' motions to dismiss Leonard's previous complaint, the court's dismissal will be with prejudice.

## II. Motion for Sanctions

Leonard has filed three complaints that allege FCRA claims against Wells Fargo despite Wells Fargo making clear that it is not and has never been Leonard's creditor for his vehicle lease. Though the court recognizes Wells Fargo's frustration, the court does not find that Leonard filed his claims against Wells Fargo in bad faith—*i.e.*, that Leonard knew his claims against Wells Fargo "were frivolous rather than simply having a fundamental misunderstanding of the law." *See Neal v. Bridge, Inc.*, No. 2:13-CV-128-AKK, 2013 WL 837555, at *3 (N.D. Ala. Feb. 28, 2013) (citing *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir.1995)). So the court will deny Wells Fargo's motion for sanctions.

## CONCLUSION

Because Leonard failed to state claims upon which relief could be granted, the court will **DISMISS** this case with prejudice. The court will enter a separate order **GRANTING** the defendants' Motions to Dismiss (docs. 63 and 64) but **DENYING** defendant Wells Fargo's Motion for Sanctions (doc. 64).

**DONE** on October 5, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE